## FUHS v. OSWEILER.

1. **Instruction:** PETITION AND AMENDMENT. Where in an action for slander there was a petition and an amendment thereto, in both of which slanderous words were charged, and the court in one of its instructions to the jury directed them that the plaintiff, in order to recover, must show that defendant did speak of her "one or more of the different forms or words charged in the *petition*," *held* that, if it were conceded that the word "petition" did not include the amendment, yet under the circumstances of this case (see opinion) the jury could not have been misled by the omission of the word "amendment," and that such omission was no ground for reversal.
2. **Verdict:** EVIDENCE TO SUPPORT. The evidence being conflicting this court will not reverse the judgment below on the ground that the verdict is not supported by the evidence.

*Appeal from Keokuk District Court.*

WEDNESDAY, OCTOBER 4.

THIS is an action for slander. The petition and amendment thereto allege in a large number of different forms of speech that the defendant said of the plaintiff that she stole corn. Among other defenses the defendant pleaded what was regarded by the court and the parties as a justification of the alleged slanderous utterances. There was a trial by jury and a judgment and verdict for the defendant. Plaintiff appeals.

*J. A. Donnel*, for appellant.

*Sampson & Brown*, for appellee.

ROTHROCK, J.—I.   The court in one of the instructions to the jury directed them that the plaintiff in order to recover must show that defendant did speak of her "one or more of the different forms of words charged in the *petition*."   It is claimed this instruction is erroneous because slanderous words were charged in the amendment to the petition as well as in the original petition.

We do not think this omission could have misled the jury. The court in other paragraphs of the charge recited the causes of action, including those set forth in the amendment to the petition, and it is very questionable, if this had not been done, whether it was error to omit the word "amendment" from the instruction complained of.   In view of the fact that the widest range was taken in the testimony as to the slanderous words spoken, and this without objection, the jury would naturally be led to conclude that the slanderous words set out in the petition were those contained therein as amended at the time of the trial.

II.   The evidence is all before us.   The main question upon the trial is whether the words spoken by defendant were true.   It is claimed that the verdict is so manifestly against the evidence as to require that it be set aside and a new trial awarded.   We have carefully examined this question and have to say that there is a sharp, and it appears to us, irreconcilable, conflict in the evidence, which it was the peculiar province of the jury to determine, and which precludes this court from interfering.   We need not set out or review the evidence.   It is not our practice to do so where it is claimed a verdict or finding of facts is without support from the evidence.

AFFIRMED.